**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL PONDER,**

     **Plaintiff,**

  **vs.**

                                                   **CASE NUMBER: 8:26-cv-2234**

**UNITED STATES OF AMERICA,**
        **Defendant.**

_____/

## COMPLAINT

     **COMES NOW** the Plaintiff, MICHAEL PONDER, and sues the Defendant, UNITED STATES OF AMERICA (hereinafter, "USA") and alleges:

## JURISDICTION AND VENUE

1.    This action arises under the Federal Torts Claims Act, 28 U.S.C., Sections 1346(b), 2401(b), and 2671-2680.

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)

3.    The acts and omissions complained of herein occurred in the judicial district for the Middle District of Florida.

4.    Venue is proper in the Tampa Division of this Court pursuant to 28 U.S.C. § 1402(b) because the Plaintiff's residence and the nexus of facts giving rise

to the instant suit both fall within Hillsborough County, part of the Tampa Division of the Middle District of Florida

5.     Plaintiff, MICHAEL PONDER, has complied with all administrative requirements to assert this action, and all administrative remedies have been exhausted.   Plaintiff submitted a Standard Form 95 to the Defense Commissary Agency (hereinafter, "DeCA") on August 8, 2025, and more than six months have elapsed without final disposition.

## PARTIES

6.     Plaintiff, MICHAEL PONDER, is a citizen and resident of Tampa, Hillsborough County, Florida. At all times relevant herein, Plaintiff, MICHAEL PONDER resided and continues to reside in the judicial district for the Middle District of Florida.

7.     Defendant, the United States of America, is sued pursuant to the Federal Tort Claims Act for the negligence of its agency, the Defense Commissary Agency (DeCA), acting through their employees and agents at all times material hereto.

## FACTS

8.     On August 10, 2024, Mr. Ponder was lawfully present as a patron, shopping at the commissary located on MacDill Air Force Base, Tampa, Florida, accompanied by his wife.

9.    At all times material hereto, the commissary was owned, operated, maintained, and/or controlled by DeCA whose employees were responsible for the inspection, cleaning, and maintenance of the premises, including the aisle in which Mr. Ponder fell.

10.    In the alternative, to the extent any inspection, cleaning, or maintenance services at the commissary were performed by a contractor, DeCA retained and exercised control over the day-to-day details, methods, and manner of such maintenance work, including the frequency of inspections and the standards for hazard remediation, such that any individual(s) performing said work did so as a de facto agent of the United States subject to the FTCA's waiver of sovereign immunity.

11.    While walking through the aisle of the commissary, Mr. Ponder slipped on water that was present on the floor.

12.    As a direct result of slipping, Mr. Ponder fell backwards and then forwards, causing his right arm to strike a pole located in the aisle near the freezer section.

13.    At the time of the fall, no warning signs, including "wet floor" signage, were placed in the area to warn patrons of the hazardous condition.

14.    The water on the floor constituted a dangerous condition that Defendant's employees and/or agents knew or should have known existed, and which

they failed to remove, remedy, or adequately warn invitees about within a reasonable time.

    a. Upon information and belief, the water accumulation had been present on the floor for a sufficient length of time prior to Mr. Ponder's fall that Defendant's employees and/or agents, exercising reasonable care in inspecting the premises, would have discovered and remedied the condition.

    b. The area in which Mr. Ponder fell was located near the freezer section of the commissary, a location known to Defendant's employees and/or agents to be prone to condensation, defrosting runoff, and/or leakage, requiring heightened and more frequent inspection than other areas of the store.

    c. Despite the foreseeable and recurring nature of water accumulation in this area, Defendant failed to implement or follow a reasonable inspection schedule for the freezer aisle, and no employee had inspected, cleaned, or placed warning signage in the area preceding Mr. Ponder's fall.

15. Defendant, through its employees and agents, owed Mr. Ponder, a business invitee, a duty to maintain the premises in a reasonably safe condition, to

inspect the premises for hazards, and to warn of any known dangerous conditions not open and obvious.

**COUNT I: NEGLIGENCE AGAINST USA**

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-15 above as if set forth herein, and further alleges:

16.    Defendant, through its employees and agents at the MacDill Air Force Base commissary, owed Mr. Ponder a duty of reasonable care to maintain the premises in a safe condition for patrons, including the duty to:

a.  Regularly inspect the premises, including the freezer aisle area, for transient hazards such as water accumulation;

b.  Promptly remove or remedy any hazardous condition, including standing water, upon actual or constructive knowledge of its existence;

c.  Provide adequate warning, including wet floor signage, of any known hazardous condition; and

d.  Maintain a safe means of egress and travel through store aisles, including the placement of fixtures such as poles in a manner that does not create an unreasonable risk of injury to falling patrons.

17.    Defendant breached its duty of care by:

a. Allowing water to accumulate and remain on the floor of the commissary for a period of time sufficient to charge Defendant with constructive knowledge of the hazard;

b. Failing to inspect the premises with reasonable frequency to discover the hazardous condition;

c. Failing to remove or remedy the water hazard within a reasonable time;

d. Failing to place any warning signage, including wet floor signs, to alert patrons, including Mr. Ponder, of the hazardous condition.

18. As a direct and proximate result of Defendant's negligence, Mr. Ponder slipped, fell, and sustained injury to his right arm and other areas of his body upon striking the pole, resulting in bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, medical and nursing care expenses, and loss of earnings/earning capacity.

19. These injuries are permanent or continuing in nature, and Plaintiff has suffered and will continue to suffer the losses described above.

### **DAMAGES AND DEMAND FOR RELIEF**

WHEREFORE, Plaintiff, MICHAEL PONDER, respectfully requests that this matter be tried by the Court and that the Court enter judgment against the Defendant, USA, granting the Plaintiff relief as follows:

1.  Compensatory damages to fairly and reasonably compensate Plaintiff, not to exceed $1,000,000.00.

2.  His costs herein incurred.

3.  Interest at the maximum allowable rate.

4.  Attorney's fees where allowed by statute or contract.

5.  Any and all other relief to which the Plaintiff may be entitled.

**RESPECTFULLY SUBMITTED** this 3rd day of August, 2026.

**MICHAEL P. MADDUX, P.A.**

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Lead Trial Counsel for Plaintiff
Jennifer M. Szymczak, Esquire
Florida Bar Number: 85487
Co-Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail:
mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
cragano@madduxattorneys.com